UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FABIO MOREL,
      Petitioner,

v.                                                  Case No. 10-cr-798-(PAC)

UNITED STATES OF AMERICA,
      Respondent.
_____/

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
VACATE, SET ASIDE, OR CORRECT SENTENCE
PURSUANT TO 28 U.S.C. § 2255

COMES NOW, the Petitioner Fabio Morel, pro-se (herein after, "Petitioner" or "Morel"), and hereby moves this Honorable Court to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. In support thereof, the following is stated:

## STANDARD OF REVIEW

Pro-se litigant pleadings are to be construed liberally and held to a less stringent standard then formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519 (1972).

## STATEMENT OF JURISDICTION

Since this motion involves substantial claims that Morel's conviction was secured and sentence imposed in violation of the United States Constitution, this Court has Jurisdiction to entertain the motion pursuant to 28 U.S.C. § 2255.

## PRELIMINARY STATEMENT

The Supreme Court has held that "habeas corpus is, at its core, an equitable remedy." Schlup v. Delo, 513 U.S. 298, 319 (1995). "[F]or this reason, the Court has long instructed that statutes and rules governing habeas petitions must be

applied with an eye toward 'the ends of justice.'" Rivas v. Fischer, 687 F.3d 514, 540 (2nd Cir. 2012). To that end, this Court possesses the power to grant Morel the equitable relief he seeks and, indeed, to which he is entitled. The United States Supreme Court specifically addressed its ability to do so in Holland v. Florida, 560 U.S. 631, 646 (2010), explaining: First, that Courts must be flexible and exercise their equitable powers on a case-by-case basis instead of blindly following "mechanical rules". Id. at 650. Second, a Court is not inexorably to follow past precedent when doing so would prevent it from "accord[ing] all the relief necessary to correct ... particular injustices".

The extraordinary circumstances here is that Morel has been sentenced and convicted of, an aggravated crime for which nobody can dispute he is now legally ineligible, that increased his sentence by more than a decade. How can such an error not be substantive. This presents precisley the kind of "situation [that] demands equitable intervention ... to correct ... [a] particular injustice." See Holland, 560 U.S. at 650. See also, Boumediene v. Bush, 553 U.S. 723, 779 (2008), holding that the Suspension Clause is violated when a prison is denied "a meaningful opportunity to demonstrate that he is being held pursuant to the erroneous application or interpretation of relevant law." Id. This is such a case.

## BACKGROUND AND RELEVANT FACTS

Morel was charged in count one with conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846; and in count three with possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841. After a jury trial, Morel was found guilty of both counts. The District Court ordered the Probation Office to prepare a presentence report("PSR"). The PSR held Morel responsible for 150 kilos or more of cocaine, which resulted in a base offense level of 38. Because of Morel's criminal history, he was placed on category III, which resulted in a sentencing range of 292-to-365 months. On June 6, 2012, Morel was sentenced to 300 months.

## QUESTION(S) PRESENTED

I. WHETHER THIS COURT LACKS JURISDICTION TO HEAR A UNTIMELY SECTION 2255 MOTION PURSUANT TO BOUSLEY v. UNITED STATES AND HOLLAND v. FLORDIA ?

"Where a defendant has procedurally defaulted on a claim, the claim may be raised in a habeas context if the defendant can demonstrate actual innocence". Bousley v. United States, 523 U.S. 614 (1998); In re Davis, 557 U.S. 952 (2009) (Petitioner asserting claim of factual innocence not a change in the law); and Dretke v. Haley, 541 U.S. 386, 398 (2004)("When a prisoner's sentence is enhanced without a valid factual basis, yet he remains incarcerated pursuant to that sentence it follows inexorably that he is a victim of a miscarriage of justice"). Id.

The claim stated herein was unavailable until two recent Supreme Court holdings, cases that announced new substantive rules that implicate either sentence or the underlying conviction have been held to apply retroactively on collateral review. See Welch v. United States, No. 15-6418, 2016 WL 1551144, at *1 (2016); and Montgomery v. Louisiana, ___ U.S. ___, 136 S. Ct. 718 (2016).

Until Welch and Montgomery, the Courts have been erroneously applying a narrow interpretation of Teague v. Lane, 489 U.S. 288 (1989), using Teague analysis and only considering whether or not the new rule is "a new substantive rule" or " a new 'watershed' procedural rule". After Welch, Courts must also determine whether a new rule is substantive or procedural by considering the function of the rule, not its underlying constitutional source. Welch, supra.

In light of Welch and Montgomery, it is clear that the rule in Apprendi v. New Jersey, 530 U.S. 466 (2000); and Alleyne v. United States, 133 S. Ct. 2151 (2013), are substantive and does apply retroactively to the instant collateral proceedings.

Therefore, given the above stated circumstances this motion should be construed as timely under principles of equitable tolling even if Morel filed it outside the one-year limitation period. Holland, supra.

3

II. WHETHER MOREL IS ACTUALLY INNOCENT OF NOT JUST 21 U.S.C. § 841(a)(1) AS DEFINED BY CONGRESS, BUT OF UNPROVEN AGGRAVATED CRIME OF 21 U.S.C. § 841 (b)(1)(A)(ii) THE CRIME FOR WHICH HE WAS PUNISHMENT? —

Where a Petitioner shows by clear and convincing proof that he is actually innocent of the couduct on which his sentence is based, the incarceration is fundamentally unjust and the miscarriage of justice exception to the procedural default bar applies. Spence v. Great Meadow Correctional Facility, 219 F.3d 162, 171-72 (2nd Cir. 2000).

The United States Supreme Court in Burrage v. United States, 134 S. Ct. 881 (2014), held that the "death or serious bodily injury" enhancement is an element that must be submitted to the jury and found beyond a reasonable doubt." Id. at 887. In reaching its holding, the Court relied upon Alleyne v. United States, 133 S Ct. 2151 (2013), which held that "any fact that increases the mandatory minimum is an element that must be submitted to the jury" and "found beyond a reasonable doubt." Id. at 2155, 2163. (Citing, Apprendi). The reasoning in Burrage leads inexorably to the conclusion that the actual conviction under 21 U.S.C.§ 841(b)(1)(A)(ii), and not merely the sentences imposed for that conviction, is invalid, whenever "death results" as well as other facts made relevant by particular branches of 21 U.S.C. § 841(b), are neither alleged in an indictment nor presented to a jury at trial. See e.g., United States v. Pizarro, 772 F.3d 284, 292 (1st Cir. 2014)(citing, Burrage, supra) ("Just as the 'death results' element makes the distribution of drugs where death results a separate crime from the distribution of drugs without a death resulting, drug quantity [and type] in § 841(b)(1) creates aggravated conspiracy and possession offenses.")

Here, Morel received a mandatory minimum sentence on counts one and three. It is asserted herein that drug amounts, a special verdict form, are all elements of an offense needed to be found by a jury beyond a reasonable doubt. In order to support Morel's conviction and sentence on counts one and three.

4

Furthermore, while the indictment in this case alleged Morel was a member of a conspiracy that distributed in excess of 5 kilograms of cocaine. Neither the verdict sheet nor the District Court's charge required the jury to find that it was reasonably foreseeable to Morel that the offense would involve 5 kilograms or more of mixtures and substances containing cocaine. That is, the jury did not determine beyond a reasonable doubt the specific quantities attributable to Petitioner Morel. See, Pizarro, 772 F.3d at 292-94(Finding that Alleyne forbids applying a mandatory minimum sentence to an individual coconspirator without an individualized finding by that the drug quantity that triggered the mandatory minimum was attributable to or reasonably foreseeable to defendant). See also, United States v. Martinez, 987 F.2d 920, 926 (2nd Cir. 1993)(Same); and United States v. Gonzalez, 420 F.2d 111, 120 (2nd Cir. 2005)("A defendant cannot be convicted of, and is not subject to a mandatory minimum sentence pursuant to § 841(b)(1)(A) or (b)(1)(B) unless the statute's prescrbed drug quantity is proved beyond a resonable doubt."). Id.

In Coleman v. United States, 329 F.3d 77, 93 (2nd Cir. (2002), Circuit Judge Parker, Jr., explained that "the failure to apply Apprendi retroactively does create the possibility that [a defendant] was convicted by the Judge for a different, and more serious, crime than he committed and that he will spend an additional 10 years incarcerated as the result of a critical [element] not charged in an indictment, found by ajury or established beyond a reasonable doubt." Id. at 93.

Morel has shown his actual innocence to the above charges as well as a fundamental error in the criminal proceeding, which left alone, would result in a miscarriage of justice. See, e.g., Persaud v. United States, 134 S. Ct. 1023 (2014)(Certiorari granted, judgment vacated and remanded to District Court after Governement conceded that erroneously imposed mandatory minimum sentences constituted "fundamental defect" cognizable under ther savings clause).

III. ALTERNATIVELY THIS COURT SHOULD GRANT AN EVIDENTIARY HEARING

5

If a doubt exists as to whether Morel has made a sufficient showing of actual innocence, an evidentiary hearing should be held in this matter. Moreover, the United States Supreme Court in McQuiggin v. Perkins, 133 S. Ct. 1924 (2013), held that a credible claim of actual innocence may permit a prisoner to purse his constutional claims on the merits notwithstanding the existence of a procedural bar. The Court further noted that "[t]his rule, or fundamental miscarriage of justice exception, is grounded in the equitable discretion of habeas Courts to see that federal constitutional errors do not result in the incarceration of innocent persons."

## CONCLUSION

A Petitioner (like Morel) separately may seek "an equitable exception to [AEDPA's limitations period], not an extension of the time statutorily prescribed," by making a "credible showing of actual innocence". McQuiggin, 133 S. Ct. at 1931-35 (emphasis in original). For all of the foregoing reasons, Morel's section 2255 motion should be granted. Alternatively, this Court should granted an evidentiary hearing.

Respectfully Submitted,

*Fabio Morel*
Fabio Morel, pro-se

## ATTACHMENTS

1) Jury Verdict, Trial Transcripts, Pages 1286, 1287.

1    401-T and 402-T were the subject of note nine, and they've
2    already been sent into the jury.
3         With this request I'm going to send in, with the
4    concurrence of counsel, 403T, 404-T, 405-T, 406-T, 407-T,
5    700-T, 701-T, 702-T, 703-T, 704-T, 705-T, 706-T and 707-T, plus
6    900-T, 901-T, and 902-T.
7         All right. Marlon, take those books and submit them
8    to the jury.
9         All right. If the trial team will excuse itself,
10   we'll take up the next matter.
11        (Recess pending verdict)
12        (Jury present; time noted: 2:55 p.m.)
13        THE COURT: Ms. Gould, I understand you have reached a
14   verdict.
15        THE FOREPERSON: We have.
16        THE DEPUTY CLERK: Your Honor, ladies and gentlemen of
17   the jury, in the matter of United States of America v. Amaury
18   Lopez Jr., Amaury Lopez Sr., and Fabio Morel, docket No. 10
19   Criminal 798, verdict sheet:
20        Count One: Conspiracy to distribute, or possess with
21   intent to distribute, a controlled substance.
22        No. 1. As to Count One, how do you find the defendant
23   Amaury Lopez Jr., a/k/a Junior, guilty or not guilty?
24        THE FOREPERSON: Guilty.
25        THE DEPUTY CLERK: No. 2. As to Count One, how do you

find the defendant Fabio Morel, a/k/a Efrain Delvalle, a/k/a Fabio Luna, guilty or not guilty?

THE FOREPERSON: Guilty.

THE DEPUTY CLERK: No. 3. As to Count One, how do you find the defendant Amaury Lopez Sr., guilty or not guilty?

THE FOREPERSON: Guilty.

THE DEPUTY CLERK: No. 4. Did the conspiracy charged in Count One involve 5 kilograms or more of mixtures and substances containing cocaine?

THE FOREPERSON: Yes.

THE DEPUTY CLERK: Count Two: Distribution of, or possession with intent to distribute, a controlled substance.

No. 5. As to Count Two, how do you find the defendant Amaury Lopez Jr., a/k/a Junior, guilty or not guilty?

THE FOREPERSON: Guilty.

THE DEPUTY CLERK: No. 6. Did the crime charged in Count Two involve 500 grams or more of mixtures and substances containing cocaine?

THE FOREPERSON: Yes.

THE DEPUTY CLERK: Count Three: Distribution or, possession with intent to distribute, a controlled substance.

No. 7. As to Count Three, how do you find the defendant Fabio Morel, a/k/a Efrain Delvalle, a/k/a Fabio Luna, guilty or not guilty?

THE FOREPERSON: Guilty.